IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC AND VALERIE JOHNSON, | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | Jury Trial Demanded |
| SANTANDER CONSUMER USA, INC., | § | |
| Defendant | § | |

## NATURE OF ACTION

1.  This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the similar state law, TEX. BUS. & COM. CODE § 305.053, and the Texas Debt Collection Act ("TDCA"), Chapter 392, TEX. FIN. CODE.

## JURISDICTION

2.  This Court has jurisdiction under 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

## PARTIES

3.  Plaintiffs Eric and Valerie Johnson ("Plaintiffs") are natural persons who at all relevant times resided in the State of Arizona, County of Maricopa, and City of Gilbert.

4.  Defendant, Santander Consumer USA, Inc. ("Santander") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of "debt collection" from Plaintiffs, as defined by TEX. FIN. CODE § 392.001(5).

5.  Santander is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

6.  In effort to collect an alleged debt from Plaintiff Eric Johnson ("Mr. Johnson"), Santander has called Mr. Johnson and Plaintiff Valerie Johnson ("Mrs. Johnson") on their

1

cellular telephone numbers using an automatic telephone dialing system within the past two years preceding the date of this complaint.

7. In February 2011, Mr. Johnson spoke with Santander, and told them that he had moved from Florida to Arizona, and asked them to stop calling so early because it was disruptive, and to only call after 9 A.M., Arizona time.

8. Santander responded that it could call Mr. Johnson whenever it wanted to.

9. Santander then continued to call Mr. Johnson for several months, at times as early as 5:30-6:00 A.M., Arizona time.

10. In June 2011, Santander placed multiple telephone calls to Mrs. Johnson's cellular telephone number.

11. Mr. Johnson immediately requested that Santander stop calling Mrs. Johnson's cellular telephone number.

12. Mr. Johnson specifically stated to Santander that Mrs. Johnson's number was a cellular telephone number, and that Santander did not have permission to call it.

13. Mr. Johnson told Santander this on numerous occasions in June of 2011; both when it called Mrs. Johnson's phone, and when it called his phone.

14. Notwithstanding, Santander called Mrs. Johnson's cellular telephone number approximately 15-20 times in June 2011 after being told not to.

15. In August 2011, Mr. Johnson spoke with Santander and again told it not to call Mrs. Johnson's cellular telephone number.

16. In response, Santander stated that it could call any number it wanted to, and because Mr. Johnson never answered his phone, Santander would keep calling Mrs. Johnson's number.

17. Mr. Johnson reminded Santander that it needed to call later in the day for Mr. Johnson to be available, and asked if he needed to send a written letter to stop the calls to Mrs. Johnson's cellular telephone number.

18. Santander responded that it would not matter if Mr. Johnson sent a letter and that it could call no matter what.

19. In late August or early September, Mr. Johnson spoke with a different individual at Santander and again asked to stop calling Mrs. Johnson's cellular telephone number.

20. Santander stated that it was already noted in the account to not call Mrs. Johnson's number and did not know why it was being auto-dialed.

21. Santander's representative then stated that he would again put Mrs. Johnson's number on do-not-contact status.

22. In December 2011, Santander again began placing telephone calls to Mrs. Johnson's cellular telephone number.

23. Santander placed non-emergency calls to Mrs. Johnson's cellular telephone using an automatic dialing system, without permission, including, but not limited to, calls placed on the following dates and times:

- August 14, 2011 at 8:57 A.M.;
- August 15, 2011 at 12:40 P.M.;
- August 26, 2011 at 8:20 A.M.;
- December 14, 2011 at 1:05 P.M.;
- December 19, 2011 at 3:06 P.M.;
- December 29, 2011 at 10:58 A.M.;
- January 9, 2012 at 8:12 A.M.;
- January 13, 2012 at 9:01 A.M.;
- January 16, 2012 at 11:21 A.M.;
- February 6, 2012 at 8:21 A.M.;
- March 15, 2012 at 3:51 P.M.;
- March 19, 2012 at 8:57 A.M.; and
- March 21, 2012 at 1:24 P.M.

24. Upon information and good-faith belief, Santander placed the telephone calls identified above to Mrs. Johnson's cellular telephone number using an automatic telephone dialing system.

25. Santander did not place any telephone calls to Mrs. Johnson for emergency purposes.

26. Each and every telephone call Santander placed to Mrs. Johnson was in connection with the collection of a debt.

27. Santander did not have Mr. or Mrs. Johnson's prior express consent to call Mrs. Johnson on her cellular telephone number.

28. Upon information and good-faith belief, Santander placed the telephone calls to Mrs. Johnson identified above voluntarily.

29. Upon information and good-faith belief, Santander placed the telephone calls to Mrs. Johnson identified above under its own free will.

30. Upon information and good-faith belief, Santander had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

31. Upon information and good-faith belief, Santander intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

32. Upon information and good-faith belief, Santander maintains business records that show all calls Santander placed to Mrs. Johnson's cellular telephone number, in addition to those listed above.

33. Santander's telephone calls to Plaintiffs have caused emotional distress and substantial disruption of Plaintiffs' daily routine, including by interrupting sleep at early hours of

the morning.

34. Upon information and belief, Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place multiple additional telephone calls, in addition those enumerated herein, to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

35. Plaintiffs repeat and re-allege each and every allegation contained above.

36. Santander violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Mrs. Johnson's cellular telephone number, without the prior express consent of Mr. or Mrs. Johnson, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

   b) Enjoining Defendant from continuing its violative behavior, pursuant to 47 U.S.C. § 227(b)(3)(A);

   c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

   d) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF TEX. BUS. & COM. CODE § 305.053

37. Plaintiffs repeat and re-allege each and every allegation above.

38. Santander violated TEX. BUS. & COM. CODE § 305.053 by originating communications to Plaintiffs that violate 47 U.S.C. § 227.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. BUS. & COM. CODE § 305.053;

b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff actual damages, or statutory damages in the amount of $500.00 per violation, whichever is greater, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c), in the amount of $1,500.00 per violation, or three times Plaintiff's actual damages, whichever is greater;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

39. Plaintiffs repeat and re-allege each and every allegation above.

40. Santander violated TEX. FIN. CODE § 392.302(4) by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

c) Awarding Plaintiff actual damages pursuant to the TDCA;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Dkurz@attorneysforconsumers.com
WEISBERG & MEYERS, LLC
Two Allen Center
1200 Smith Street
Sixteenth Floor
Houston, TX 77002
Telephone:   (888) 595-9111
Facsimile:    (866) 565-1327

Kirk Claunch
Texas Bar No. 04326075
Jim Claunch
Texas Bar No. 04326000
2912 West Sixth Street
Fort Worth, Texas 76107
Telephone:   (817) 335-4003
Facsimile:    (817) 335-7112

*Attorneys for Plaintiff*
ERIC AND VALERIE JOHNSON